UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH J DEAN,

              Plaintiff,

      v.

META PLATFORMS INC.,

              Defendant.

Case No. 25-cv-10597-NC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**

Re: ECF 64

Self-represented Plaintiff Joseph Dean alleges Defendant Meta Platforms Inc. violated federal antitrust laws by disabling certain functions on its application developer platform which Plaintiff's company, Veamcast, had built and relied upon.

Before the Court is Defendant Meta's Motion to Dismiss Plaintiff's Second Amended Complaint (SAC). For the reasons below, the Court GRANTS Defendant's Motion to Dismiss without leave to amend.

## I.    BACKGROUND

### A.    Factual Background

Plaintiff alleges the following. Plaintiff developed Veamcast, "a platform of app and an [application programming interface (API)] for video/voice/photo publishing and sharing services." SAC ¶ 5. Defendant operates Facebook, which offered Graph API to third-party developers, such as Veamcast. *Id.* ¶ 6. Veamcast requested access to Defendant's API. *Id.* ¶ 7. After allowing Veamcast access, Defendant engaged in

anticompetitive conduct by "disabling several API functionalities that Veamcast relied upon," disabling functionality for Veamcast specifically, and "delet[ing] all Veamcast-related content from its platform." *Id.* ¶ 9.

Plaintiff initiated support tickets with Defendant seeking resolution of these issues. SAC ¶ 10. Defendant responded by "stonewalling" and "providing misleading and evasive responses that failed to address the underlying issues." *Id.* This conduct prevented Plaintiff from "building a user base through the Facebook platform," "utilizing resources invested in Facebook API integration," "raising capital," and "competing in the social media market." *Id.* ¶ 13.

### B. Procedural Background

On September 22, 2024, Plaintiff filed this lawsuit in the United States District Court in the Middle District of Florida, Tampa Division. ECF 1. Plaintiff filed a first amended complaint and a second. ECF 9, 14. Defendant filed a motion to dismiss and a motion to change venue or transfer the case. ECF 26, 28. The Court granted Defendant's motion to transfer the case to the United States District Court for the Northern District of California and deferred the pending motion to dismiss until after transfer. ECF 55. Defendant filed an amended motion to dismiss. ECF 64. Plaintiff opposed. ECF 66. Defendant replied. ECF 67.

The parties have consented to magistrate judge jurisdiction. ECF 62, 63.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir.

United States District Court
Northern District of California

2014).  A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**III.    DISCUSSION**

        **A.    Plaintiff Lacks Standing to Bring Suit**

            **i.    Plaintiff Cannot Establish Article III Standing**

Defendant argues that Plaintiff lacks standing because any purported injury was suffered by Veamcast, not Plaintiff personally.  ECF 64 at 13; ECF 67 at 7–8.  Plaintiff contends his individual development work on Veamcast was destroyed through Defendant's conduct.  ECF 66 at 5–7.

To have Article III standing, Plaintiff must establish (1) an actual, concrete injury, (2) fairly traceable to the defendant, and (3) that it is likely the injury will be redressed by a favorable decision.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Plaintiff cannot satisfy Article III standing because he does not allege any concrete injury to himself, rather than to Veamcast.  The SAC repeatedly alleges how Defendant's conduct "target[ed] Veamcast," "imposed restrictive policies on Veamcast," and "disabled Veamcast's API access."[1]  SAC ¶¶ 9, 22, 30.  The SAC is silent as to any injury Plaintiff himself suffered that would be distinct from injury to Veamcast.  *See id. generally*.

Plaintiff has attempted to substitute himself for Veamcast in a similar lawsuit

---

[1] Plaintiff's opposition includes new allegations that attempt to distinguish Plaintiff's injury from Veamcast's.  ECF 66 at 5–6.  The Court will not consider these allegations because "it is not permissible for Plaintiff[] to amend [his] complaint through motion practice."  *Coronavirus Reporter v. Apple, Inc.*, No. 21-cv-05567-EMC, 2021 WL 5936910, at *7 (N.D. Cal. Nov. 30, 2021) (citation omitted).

United States District Court
Northern District of California

alleging anticompetitive conduct by Roku, which also failed to establish standing.[2] *Dean v. Roku, Inc.*, No. 8:24-cv-2383-WFJ-TGW, 2025 WL 2299403, at *1 (M.D. Fla. Aug. 8, 2025). The *Roku* court noted that "any personal harm Mr. Dean suffered was the indirect result of the allegedly anticompetitive conduct that directly concerns Veamcast." *Id.* at *4. The same is true here—"Mr. Dean and Veamcast are not interchangeable plaintiffs." *Id.*

### ii. Plaintiff Cannot Establish Antitrust Standing

Defendant argues Plaintiff fails to allege antitrust standing because Veamcast is not a competitor and the harm is not to competition itself. ECF 64 at 15–16; ECF 67 at 10. Plaintiff contends he is a "directly excluded competitor." ECF 66 at 7–8.

A plaintiff asserting claims under Section Two of the Sherman Act must satisfy the standing requirements of Section Four of the Clayton Act. *Cyntegra, Inc. v. Idexx Lab'ys, Inc.*, 520 F. Supp. 2d 1199, 1208–1210 (C.D. Cal. 2007), *aff'd*, 322 F. App'x 569 (9th Cir. 2009). Standing under the Clayton Act is even more limited than that required for Article III justiciability. *Associated General Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 529–535 (1983).

To evaluate antitrust standing, courts examine the following factors: (1) the nature of the plaintiff's alleged injury (whether it is the type the antitrust laws were intended to forestall); (2) the risk of duplicative recovery; (3) the directness of the injury; (4) the speculative measure of damages; and (5) whether damages would be complex to apportion. *Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1055 (9th Cir. 1999) (internal citations omitted); *Bubar v. Ampco Foods, Inc.*, 752 F.2d 445, 449 (9th Cir. 1985). Further, "the injured party [must] be a participant in the same market as the alleged malefactors." *Bhan v. NME Hosps., Inc.*, 772 F.2d 1467, 1470 (9th Cir. 1985).

---

[2] Plaintiff previously sued Defendant naming Veamcast as plaintiff and attempted to proceed pro se. *See Veamcast Corp. v. Facebook, Inc.*, 8:20-cv-2667-T-36AEP, 2020 WL 7248226 (M.D. Fla. Nov. 19, 2020), *report and recommendation adopted sub nom. Veamcast Corp. v. Facebook, Inc.*, No. 8:20-cv-2667-T-36AEP, 2020 WL 7238519 (M.D. Fla. Dec. 9, 2020) (dismissing case without prejudice for plaintiff's failure to timely file an amended complaint). However, after learning that corporations must have counsel, Plaintiff filed the present lawsuit. This is the same approach Plaintiff took in *Dean v. Roku*, 2025 WL 2299403.

United States District Court
Northern District of California

Plaintiff has failed to allege antitrust injury.  The antitrust laws were not created to allow individuals to recover for injuries to businesses, or for businesses to recover for individual injury.  *Vinci v. Waste Mgmt., Inc.*, 80 F.3d 1372, 1375 (9th Cir. 1996) ("[a] shareholder of a corporation injured by antitrust violations has no standing to sue in his or her own name . . . even if the injured shareholder is the sole shareholder, or if the shareholder alleges that the antitrust violations were intended to drive the individual out of the industry"); *Reilly v. Apple Inc.*, 578 F. Supp. 3d 1098, 1110 (N.D. Cal. 2022) (plaintiff's theory of individual harm failed "to connect his supposed injury to injury to competition generally").  Antitrust laws were created to prevent injury to competition generally.  *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 488 (1977).  Plaintiff cannot demonstrate antitrust injury by pointing to "specific harms experienced by Plaintiff[] . . . , rather than harm to the market."  *Coronavirus Rep.*, 2021 WL 5936910, at *14.  Plaintiff repeatedly points to the Federal Trade Commission's findings which supposedly "confirm [Defendant's] systematic pattern of anticompetitive exclusive dealing," which Plaintiff similarly experienced.  SAC ¶¶ 28–31.  Such allegations are "threadbare recitals of the elements of antitrust injury that are insufficient to state a claim." *Id.* (citing *Iqbal*, 556 U.S. at 663).

Moreover, there is a great risk of duplicative recovery because, as Plaintiff has already demonstrated, he and Veamcast can and have both sought damages. *See Veamcast Corp. v. Facebook, Inc.*, 2020 WL 7248226; *Vinci*, 80 F.3d at 1375 ("If shareholders were permitted to recover their losses directly, there would be the possibility of a double recovery, once by the shareholder and again by the corporation.").  Plaintiff has not offered any explanation of how alleged damages of hundreds of millions of dollars are non-speculative or easy to apportion.

Further, Plaintiff has not alleged that he is a participant in the same market as Defendant or defined the relevant market, which Plaintiff vaguely characterizes as the "social media market."  SAC ¶ 5; *Reilly*, 578 F.Supp.3d at 1106 ("Where a complaint fails to adequately allege a relevant market underlying its antitrust claims, those claims must be

dismissed.")  Plaintiff has not alleged that Veamcast is a social media platform seeking to compete with Defendant.  *Id.* (describing Veamcast as "a platform of apps and an API for video/voice/photo publishing and sharing services").  Thus, Plaintiff has failed to demonstrate antitrust injury.  Because antitrust injury is a required threshold showing, the Court need not analyze whether Plaintiff has alleged facts sufficient to satisfy the substantive elements of his particular claims.

**B.      Plaintiff's Claims are Barred by the Statute of Limitations and Doctrine of Laches**

Defendant argues that Plaintiff's claims are barred by the statute of limitations because the actions at issue accrued no later than 2019.  ECF 64 at 16.  The claims are also barred by the doctrine of laches because Plaintiff has failed to allege that his delay in filing was excusable.  ECF 67 at 12–13.  Plaintiff contends he was unaware of his antitrust injury until September 2020 when Defendant closed his support ticket without resolution, revealing its anticompetitive behavior.  ECF 66 at 10.

Plaintiff's claims are subject to a four-year statute of limitations.  15 U.S.C. § 15b. Antitrust claims accrue at the time of injury.  *In re Animation Workers Antitrust Litig.*, 87 F. Supp. 3d 1195, 1208 (N.D. Cal. 2015).  "[T]he plaintiff's knowledge is generally irrelevant to accrual, which is determined according to the date on which injury occurs." *Id.* (citing *Beneficial Standard Life Ins. Co. v. Madariaga,* 851 F.2d 271, 274–75 (9th Cir.1988)).

Plaintiff filed the original complaint in September 2024.  ECF 1.  Plaintiff alleges Defendant engaged in anticompetitive conduct as early as August 2019.  SAC ¶¶ 8–9. Exhibit C to the SAC, however, indicates that Defendant had been "blocking" Veamcast since 2018 and includes correspondence dating back to July 2019.  SAC, Exhibit C (ECF 14 at 29).  Because the alleged injury occurred as early as 2018 or July 2019, the Court concludes the statute of limitations has run on Plaintiff's claims.  Further, Plaintiff has had multiple attempts to bring cognizable claims against Defendant, including as early as November 2020.  *See Veamcast*, 2020 WL 7248226.  The doctrine of laches further

United States District Court
Northern District of California

prohibits Plaintiff's claims because his delay in filing the present suit is inexcusable. *Oliver v. SD-3C LLC*, 751 F.3d 1081, 1085 n.4 (9th Cir. 2014).

### C.   LEAVE TO AMEND

Leave to amend should be freely granted unless amendment would be futile. Fed. R. Civ. P. 15. Leave to amend will not change the fact that Plaintiff lacks Article III and antitrust standing and that the statute of limitations has run. *Terrado v. U.S. Bank N.A.*, 801 F. App'x 580 (9th Cir. 2020) (denying leave to amend upon finding pro se plaintiff lacked standing). Nonetheless, were this Plaintiff's first attempt to bring such allegations forward, the Court might be inclined to provide an opportunity for him to expand. But Plaintiff has made multiple attempts to bring claims against Defendant and failed to do so. The Court concludes that leave to amend would be futile.

## IV.   CONCLUSION

Accordingly, Defendant's motion to dismiss is GRANTED. Because the Court finds that it would be futile, leave to amend is denied. The Court orders that judgment be entered in favor of the Defendant.

**IT IS SO ORDERED.**

Dated: February 12, 2026

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California